UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

J. MEIDINGER,

        Plaintiff,

vs.                              Case No. 2:06-cv-681-FtM-29SPC

LEE MEMORIAL HOSPITAL d/b/a LEE MEMORIAL HEALTH SYSTEM,

        Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on a variety of motions filed by both parties, including motions to dismiss, for judgment, for summary judgment, to compel, for sanctions, and to strike. For the reasons set forth below, all motions will be terminated and the Amended Complaint will be dismissed.

Plaintiff Roy J. Meidinger (Meidinger or plaintiff), proceeding *pro se*, originally filed an untitled document, construed as a *Qui Tam* Complaint, as a realtor on behalf of the United States under the False Claims Act (FCA).[1] The document was filed under seal pursuant to 31 U.S.C. § 3730 pending a response by the government. The government declined intervention and the Complaint was unsealed. On July 24, 2007, plaintiff filed a three-count Amended Complaint setting forth qui tam claims.

---

[1] The False Claims Act (FCA) authorizes a private person to bring a *qui tam* action in the name of the United States. United States ex el. Atkins v. McInteer, 470 F.3d 1350, 1354 n.4 (11th Cir. 2006).

Construed liberally due to plaintiff's *pro se* status, plaintiff alleges that he has direct and independent knowledge through his independent investigation that defendant Lee Memorial Hospital filed multiple false Medicare and Medicaid claims for reimbursement of hospital and medical expenses in violation of the FCA. Defendant is required to submit claim forms to Centers for Medicare and Medicaid Services (CMS), administrator of Medicare and participant in state operated Medicaid, each time a request for reimbursement is made. The claim forms are a universal billing form requiring certification as to the accuracy on the form and a listing of "customary charges" for the services rendered. Plaintiff alleges that every medicare and medicaid claim form submitted by defendant from January 1, 1999 through 2006 and the present is false because the "customary charge" listed is from defendant's charge master and not the legally required amount based on the actual amount collected from a private-pay patient. Therefore, the government did not have a meaningful opportunity to evaluate the true costs and charges to establish a lower reimbursement limit thereby reducing social security funds. Plaintiff further alleges that defendant paid "kickbacks" to the insurance companies to refer or coerce them to use defendant's services by not collecting the full amount billed from the insurance companies and forgiving the uncollected debt. Plaintiff alleges that the United States has suffered damage as a result of

defendant's submission of false claims for payment in violation of the FCA.

The Eleventh Circuit has recently held that a *pro se* relator cannot proceed with a *qui tam* action on behalf of the United States. Timson v. Sampson, 518 F.3d 870 (11th Cir. 2008). Since plaintiff is proceeding *pro se*, the case must be dismissed.

Accordingly, it is now

**ORDERED**:

The Amended Complaint (Doc. #3) is **DISMISSED** without prejudice. The Clerk of the Court shall terminate all pending motions and deadlines as moot and shall close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __2nd__ day of July, 2008.

_____
JOHN E. STEELE
United States District Judge

Copies:
Pro Se Plaintiff
Counsel of record
AUSA