UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA EX REL. ROY
J. MEIDINGER,

    Plaintiff,

vs.    Case No. 2:06-cv-681-FtM-29SPC

LEE MEMORIAL HOSPITAL d/b/a LEE
MEMORIAL HEALTH SYSTEM,

    Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on the following motions: (1) defendant's Motion to Dismiss (Doc. #126) filed on February 11, 2009; (2) Defendant's Motion to Dismiss (Doc. #114), filed on January 13, 2009; (3) Defendant's Motion for Rule 11 Sanctions (Doc. #123) filed on February 11, 2009; and (4) Lee Memorial Health System's Motion to Strike Plaintiff's Notice to the Court (Dkt. 151) (Doc. #152) filed on April 14, 2009.

**A. Motions to Dismiss:**

On June 26, 2007, the United States filed a Notice of Election to Decline Intervention (Doc. #30), declining to intervene in this action pursuant to the False Claims Act, 31 U.S.C. § 3730(b)(4)(B). As the Court previously indicated to plaintiff (see e.g., Docs. ## 84, 157), the Eleventh Circuit has held that a *pro se* relator cannot proceed with a *qui tam* action on behalf of the United States. Timson v. Sampson, 518 F.3d 870 (11th Cir. 2008).

Accordingly, plaintiff's Amended Complaint (Doc. #3) was dismissed without prejudice because plaintiff lacked counsel (see Doc. #84). The case was reopened on July 16, 2008 (see Doc. #87), upon plaintiff's retention of counsel and appearance of said counsel on plaintiff's behalf (see Doc. #85). Subsequently, plaintiff's counsel withdrew from the case and plaintiff is again unrepresented (see Doc. #122).

In an Order (Doc. #157) entered on April 16, 2009, the Court granted in part plaintiff's Motion for Enlargement of Time for Retaining New Counsel (Doc. #155), by granting an extension of time until May 29, 2009, for plaintiff to retain counsel and for said counsel to file a Notice of Appearance. The deadline has passed and plaintiff has not retained counsel. Instead, plaintiff has filed a Notice to the Court The Plaintiff is Turning Over the Responsibility of Prosecuting this Case to the Attorney General of the United States (Doc. #159), filed as of May 29, 2009.[1] In the Notice, plaintiff states, "I am turning the responsibility of prosecuting this case over to Attorney General Eric[] H. Holder[,] Jr." (Doc. #159, p. 1.) As noted above, however, the Government previously declined to intervene in the case.[2] The extended

---

[1] Pursuant to the Court's Order (Doc. #157) entered on April 16, 2009, plaintiff was enjoined from filing any further *pro se* filings; plaintiff's Notice (Doc. #159) was received by the Court on May 29, 2009 and filed on the docket with the Court's permission.

[2] (See Doc. #30; see also Doc. #6-13.)

deadline for plaintiff to obtain counsel has passed and plaintiff has failed to obtain counsel to represent him in this matter. As noted above, a *pro se* relator cannot proceed with a *qui tam* action on behalf of the United States. Timson, 518 F.3d at 870. Thus, the Court finds that defendant's Motion to Dismiss (Doc. #126) will be granted and the case dismissed. Defendant's first Motion to Dismiss (Doc. #114) will be denied as moot.

**B. Motion for Rule 11 Sanctions**

In a separate motion (Doc. #123), defendant seeks sanctions against plaintiff and several of plaintiff's attorneys (James E. Moon, Jennifer K. Birmingham and Griffith J. Winthrop, III) pursuant to Rule 11 of the Federal Rules of Civil Procedure. Defendant states that its grounds for requesting sanctions against plaintiff are that:

> Plaintiff has filed an Amended Complaint under the Qui Tam provisions of the False Claims Act that is barred by the doctrine of *res judicata* and completely without factual or legal merit which the Plaintiff knew or should have known was not warranted by existing law or non-frivolous arguments for the extension, modification, or reversal of existing law or the establishment of new law.

(Doc. #123, p. 1.) Defendant also states that its grounds for seeking sanctions against plaintiff's counsel are:

> After reviewing [defendant's] motion to dismiss and the prior court actions filed by [plaintiff] in 1995 and 1999, a reasonable attorney should have conducted a reasonable inquiry and review of the law of *res judicata* and should have known that the instant action was not well-grounded in fact and was not warranted by existing law, or a good faith argument for the extension,

-3-

> modification, or reversal of existing law. Moreover, a reasonable attorney should have known that there was no legal or factual basis for [plaintiff's] contention that [defendant] had failed to appropriately calculate its customary charges.

(Id. at p. 10.) Upon consideration of the motion, the Court finds that sanctions are not warranted. The instant case involves claims made from January 1, 1999 through 2006. The only prior case in which a final judgment on the merits was issued, Case No. 2-95-cv-423, did not involve claims between these dates.

**C. Motion to Strike**

Defendant moves to strike plaintiff's Notice to the Court (Doc. #151) on the authority of Timson. As plaintiff was unrepresented by counsel when he filed his Notice (Doc. #151), the Court finds that it should be stricken from the docket. (See Timson, 518 F.3d at 870 (as matter of law, relator may not proceed *pro se* with *qui tam* action on behalf of United States)).

Accordingly, it is now

**ORDERED**:

1. Defendant's Motion to Dismiss (Doc. #126) is **GRANTED**. The case is dismissed and the file shall remain closed.

2. Defendant's Motion to Dismiss (Doc. #114) is **DENIED as moot**.

3. Defendant's Motion for Rule 11 Sanctions (Doc. #123) is **DENIED**.

4.  Lee Memorial Health System's Motion to Strike Plaintiff's Notice to the Court (Dkt. 151) (Doc. #152) is **GRANTED**.  The Notice to the Court will be stricken, but shall remain filed for record purposes.

**DONE AND ORDERED** at Fort Myers, Florida, this __9th__ day of June, 2009.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
Special AUSA Guzman
Roy J. Meidinger